# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD LEE CANTERBURY,

    Defendant.

Case No. 2:16-cr-00107-KJD-PAL

**ORDER**

    Presently before the Court is Defendant's Motion to Replace Trial Judge and Magistrate Judge (#91). Under 28 U.S.C. §§ 144 and 455 (b)(1), a judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party. Bias or prejudice justifying recusal must arise from an extrajudicial source, and not from conduct or rulings made during the course of the proceeding. See Toth v. Trans World Airlines, 862 F.2d 1381, 1387–88 (9th Cir. 1988). The claimant must set forth an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144.

    First, Defendant fails to supply an affidavit as is required by 28 U.S.C. § 144, and alternatively fails to sign the motion itself under penalty of perjury. Even if Defendant's motion had complied with procedural requirements, he fails to put forth any facts that show either the Magistrate Judge's or the District Judge's impartiality could reasonably be questioned. Defendant claims his

case shares similar circumstances with a fellow detainee, specifically regarding his choice to proceed pro se and the resulting appointment of stand-by counsel, and that he is being treated differently by Judge Leen than this allegedly similarly-situated detainee also appearing in front of Judge Leen.

This different treatment of Defendant from an unnamed, fellow detainee in allegedly "almost the same exact position as Defendant" is no showing of bias.[1] Defendant appears to be unhappy with Judge Leen's stand-by counsel appointment, and analysis that Mr. Ericsson is fit for this appointment. However, Defendant's subjective and inflamed dissatisfaction with Judge Leen's decision is no grounds for disqualification: a judge's prior adverse ruling is always insufficient to demonstrate judicial bias. Taylor v. Regents of the Univ. of Cal., 993 F.2d 710, 712 (9th Cir. 1993).

Accordingly IT IS HEREBY ORDERED that Defendant's Motion to Replace Trial Judge and Magistrate Judge (#91) is **DENIED**. Trial commences, as stipulated by the parties, on February 20, 2018 at 9:00 AM in Courtroom 4B.

DATED this 8th day of February, 2018.

_____
Kent J. Dawson
United States District Court Judge

---

[1] Additionally, Defendant complains Judge Leen granted this fellow detainee a "30 or 45 day continuance," implying he received no such a benefit. However, this Court has granted Defendant seven continuances– 598 days to date.