**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>RICHARD LEE CANTERBURY,<br><br>     Defendant. | Case No. 2:16-cr-00107-KJD-PAL<br><br>**ORDER** |

Presently before the Court is Defendant's Motion for Dismissal for the Violation of the Fourteenth Amendment (#86), Motion for Dismissal for the Violation of the Sixth Amendment, Speedy Trial Act, and Federal Rule of Criminal Procedure 48 (#87), and Motion for Dismissal for the Violation of the Eighth Amendment (#88). Also before the Court is Defendant's Motion Requesting Additional Law Library Time to Prepare for Trial (#84). Also before the Court is Defendant's Motion Concerning Basic Medical Care (#85).

**I. Background**

On April 6, 2016, Defendant Richard Lee Canterbury was charged with violation of 18 U.S.C. § 2113(a). Defendant's trial was originally set for June

20, 2016. As of now, Defendant has received seven continuances of his trial date. Additionally, Defendant has had four attorneys representing him in this matter thus far. On January 25, 2018, the Court granted Defendant's Motion to Allow Self Representation, and Thomas Ericsson, who was Defendant's fourth appointed attorney, remained appointed as Stand-By Counsel. Defendant requested different Stand-By Counsel, but the Court denied his request, finding no good cause to grant it.

On January 31, 2018, Defendant requested an additional six-month continuance to prepare his defense for his trial. The Court denied Defendant's request, and instead granted the parties' stipulation to a two-week continuance, setting trial for February 20, 2018 at 9:00 AM. On February 6, 2018, Defendant filed the present five motions.

## II. Analysis

Defendant alleges numerous Constitutional violations, and that such violations are grounds for dismissal of his charges. Defendant also moves for more time to prepare his defense, and moves to have the Court intervene in the handling of his medical needs during his pre-trial detention.

As a preliminary matter, the Court set a deadline of May 13, 2016, for any and all pretrial motions (#14, Order Regarding Pretrial Procedure). Thus, Defendant's failure to timely file all present pretrial motions by the pretrial motion deadline, and failure to show good cause for the untimely filing, is grounds enough for their denial. See LCR 12-1. However, the Court will still address the merits of each motion in turn. Any contention not specifically addressed lacks merit enough to be considered.

<u>A. Motion to Dismiss for Fourteenth Amendment Violation</u>

Defendant argues his Fourteenth Amendment rights have been violated, stating his eyesight has been neglected, that there has been indifference regarding his prescription eyewear, and that his eyesight handicap has "doomed" his right to a fair trial. Under the Fourteenth Amendment, the pretrial detainee has a right to be free from conditions or deprivations that amount to punishment. <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979). However, "[l]oss of freedom of choice and privacy are inherent incidents of confinement . . . [a]nd the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" <u>Id.</u> at 536. Permissible restrictions and conditions may be discomforting, and may be things that the detainee would not have to experience outside of detention, but that does not make them punitive. <u>Id.</u> at 540.

The detention center's failure to provide Defendant with the prescription glasses he requests is not punishment. It is not punitive in nature, not causing Defendant any pain, nor is it keeping Defendant from being able to prepare his defense.[1] The Court understands this may be an inconvenience to Defendant, but "[c]oncern with minutiae of prison administration can only distract the court from detached consideration of the one overriding question presented to it: does the practice or condition violate the Constitution?" <u>Id.</u> at 544 (quoting <u>Wolfish v. Levi</u>, 573 F.2d 118, 124–25 (2nd Cir. 1979)). The policies and procedures of

---

[1]Defendant states he is able to read on the computer when using the zoom feature, and the Court has granted his motion to have all future motions and correspondences printed in size 15 font where possible.

the detention center "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." <u>Pell v. Procunier</u>, 417 U.S. 817, 826 (1974). Finding no punitive deprivation, this Court defers to the judgment of the prison officials, and denies Defendant's Motion to Dismiss for Violation of the Fourteenth Amendment.

### B. Motion to Dismiss for the Violation of the Eighth Amendment

Defendant alleges his Eighth Amendment rights have been violated through deliberate indifference to or neglect of his medically necessary prescription eyewear, and that such indifference amounts to extraordinary circumstances that no longer allow him a fair trial. Claims by pretrial detainees are analyzed under the Fourteenth Amendment due process clause, rather than under the Eighth Amendment, as the Eighth Amendment protects individuals convicted of crimes. Bell, 441 U.S. at 579. As previously analyzed under the Fourteenth Amendment standard, there has been no violation of Defendant's rights. Thus, the Court denies Defendant's Motion for Dismissal for Violation of the Eighth Amendment.

### C. Motion to Dismiss for Sixth Amendment, Speedy Trial Act, and Rule 48 Violation

Defendant alleges denial of appropriate prescription eyewear to be a violation of his Sixth Amendment, Speedy Trial Act, and Rule 48 rights. He also alleges he did not create any excludable delays under the Speedy Trial Act.

When assessing the merits of a claimed violation of the Sixth Amendment, the Court conducts a balancing test of four separate factors: the length of the

delay; the reason for the delay; the defendant's assertion of his right; and prejudice to the defendant. <u>Barker v. Wingo</u>, 407 U.S. 514, 529 (1972). The Court must determine "whether [the] delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." <u>Doggett v. United States</u>, 505 U.S. 647, 651 (1992).

Defendant has gone through four appointed attorneys thus far, and has himself requested seven continuances of his trial. He has not had to perform his own research, nor read in depth the materials required to prepare his defense—up until January 30, 2018, he had appointed counsel to perform such tasks on his behalf. Further, Defendant cites the detention center's failure to provide his requested prescription eyewear as cause for an unconstitutional delay of his trial. However, Defendant fails to state, explain, or allege with any specificity how his nearsightedness has caused any such delay.

Defendant has suffered no prejudice, nor has there been any violation of the Speedy Trial Act, as a result of his own request to continue to delay trial. In fact, at his last hearing, Defendant requested an additional six months to continue to prepare his defense. Defendant cannot circularly continue to request additional delay, and then allege violations of undue delay, caused by his own request. When "any post-indictment delay can be attributed to [Defendant], he waives the right to a speedy trial." <u>United States v. Sandoval</u>, 990 F.2d 481, 481 (9th Cir. 1991).

Federal Rule of Criminal Procedure 48 states, "The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in . . .

bringing a defendant to trial." No unnecessary delay has occurred, other than that which Defendant has self-imposed. Thus, this Court denies Defendant's Motion to Dismiss based on alleged violation of Sixth Amendment, Speedy Trial Act, and Rule 48 rights.

D. Motion for More Time in the Law Library

Defendant requests this Court allow him additional law library time to prepare for trial. Defendant states he currently has an unspecified number of afternoon law library sessions, and is able to prepare in his cell for about two hours per day on afternoons that the law library sessions are not scheduled. Defendant requests "as much law library time as possible to prepare for trial."

First, prison officials "should be accorded wide-ranging deference in adoption of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell, 441 U.S. at 540. As such, the Court defers to the rules and policies of the detention center with regard to the time detainees are allowed to spend in the law library. However, evaluating the facts at hand, Defendant's case is not one that requires intensive library time, as it is not factually nor legally complex. Defendant has a single charge pending, the facts and law of which are straightforward. He has had well over a year to prepare, has had the assistance of four separate appointed attorneys, and has made the choice to represent himself. Thus, the Court denies Defendant's Motion requesting additional time in the law library.

E. Motion Concerning Basic Medical Care

Defendant alleges he was examined by a foot doctor in November 2017, and that the doctor recommended he be supplied with specific shoes to assist him with his particular needs. Defendant alleges that the Marshals are aware of

this doctor's recommendation, and have not provided him with the recommended shoes. However, Defendant provides no proof of diagnosis, prescription, nor request from that doctor, nor proof that the examination took place. Defendant's pre-trial detention conditions are a matter to be governed by the administrative procedures of the detention center. That is not to say that prison officials are excused from any failure to provide Defendant with requested and required medical care; however, without acute proof of these alleged indifferences, it is inappropriate for the Court to intervene.

Defendant appears to be attempting to shoehorn a prisoner civil rights action into the present untimely pretrial motions. He has administrative procedures available to him, and the option of filing a formal civil complaint. However, what he alleges here does not amount to a violation of any of the aforementioned Constitutional standards that apply to pretrial detainees. Thus, the Court denies Defendant's Motion Concerning Basic Medical Care.

F. Delay Tactic

As Defendant now represents himself, the Court has taken this opportunity to address all of his allegations in full, and lay to rest Defendant's concerns that his Constitutional rights have been violated. There has been no such violation, and any future attempt by Defendant to file additional motions on any of the issues this Court has presently resolved or to justify the need for yet another continuance will be treated as inappropriate attempts to delay. Trial commences February 20, 2018, at 9:00 AM in Courtroom 4B.

**III. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Dismissal for the Violation of the Fourteenth Amendment (#86) is **DENIED**;

7

IT IS FURTHER ORDERED that Defendant's Motion for Dismissal for the Violation of the Sixth Amendment, Speedy Trial Act, and Federal Rule of Criminal Procedure 48 (#87) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion for Dismissal for the Violation of the Eighth Amendment (#88) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion Requesting Additional Law Library Time to Prepare for Trial (#84) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion Concerning Basic Medical Care (#85) is **DENIED**.

DATED this 9th day of February, 2018.

_____
Kent J. Dawson
United States District Judge