UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD CANTERBURY,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:16-cr-00107-KJD-PAL<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Before the Court is Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (#178). The government responded in opposition (#182) to which Defendant replied (#183).

I.　　Factual and Procedural Background

Defendant Richard Canterbury ("Canterbury") is serving a 125-month prison sentence. (#182, at 3). In March 2018, Canterbury entered a branch of the Nevada State Bank in Las Vegas, Nevada and approached the teller. Id. at 2. Canterbury was holding a bag and handed the teller a note, which read "This Is A Robbery No Tricks Loos [sic] Bills Only Cooperate No One Gets Hurt Otherwise Everyone Dies." Id. at 2–3. The teller placed $1,901, along with a small GPS device, in the bag and Canterbury left in a stolen car. Id. at 3. The police were able to track the GPS device, arrest Canterbury, and recover the stolen money. Id. A jury found Canterbury guilty of one count of Bank Robbery. Id. The Court sentenced Canterbury to the high-end of the advisory guideline range due to his previous criminal history and the fact that Canterbury had escaped Bureau of Prisons ("BOP") custody and fled to Las Vegas prior to committing the bank robbery. Id. at 2. Canterbury is serving his sentence at Victorville Medium I FCI. Id. at 6.

Canterbury suffers from multiple health issues. (#178, at 2). Canterbury has diabetes, hypertension, and hyperlipidemia, was hospitalized in 2020 with a liver abscess, and suffers from

1  pain in his ankles that requires him to utilize a walker. Id. These underlying conditions,
2  combined with Canterbury's age (71), place him at an increased risk of COVID-19. Id.
3  Canterbury applied for compassionate release with the warden at Victorville Medium I FCI in
4  March 2020 but did not receive a response. Id. at 9. Additionally, Canterbury's counsel
5  supplemented his request with the warden on September 3, 2020, which also did not receive a
6  response. Id. Canterbury then filed this motion with a plan for his release. Id. Canterbury plans to
7  enter a Residential Reentry Center until he can collect his Social Security and medical benefits
8  and find a place to live. Id. The government concedes that Canterbury has exhausted his
9  administrative remedies and satisfies the extraordinary and compelling circumstances prong of
10 the compassionate release analysis. (#182, at 5–6).

   II.     Legal Standard

The district court that imposed sentence on a criminal defendant has authority to modify the term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). That statute provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that […]extraordinary and compelling reasons warrant such a reduction […] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).

If the defendant has exhausted administrative remedies, the analysis is twofold. First, the Court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the Court must find "extraordinary and compelling reasons" to

1  release a defendant from Bureau of Prisons ("BOP") custody in a policy statement. Id.

2      III.    <u>Analysis</u>

3      The government concedes that Canterbury has exhausted his administrative remedies and
4  that extraordinary and compelling reasons justify release. However, it argues that Canterbury is a
5  danger to the public and compassionate release should be denied. As such, the Court will
6  consider the factors applicable at the original sentencing as set forth in 18 U.S.C. § 3553(a),
7  specifically regarding if Canterbury is a danger to the public.

8      The Court's analysis focuses on the second factor, stating courts shall consider "the need
9  for the sentence imposed (C) to protect the public from further crimes of the defendant." 18
10 U.S.C. § 3553(a)(2)(C). Canterbury has a long criminal history involving bank fraud, forgery,
11 theft, possession of unregistered firearms, escape from custody, traffic violations, and unlawful
12 possession of a stolen vehicle. Prior to coming to Nevada, Canterbury was in custody in a
13 halfway house in Arizona due to a supervised release violation. Canterbury argues that he is no
14 longer a danger to the public because he utilizes a walker, is 71 years old, and will not need to
15 steal because he can obtain Social Security benefits. The government argues that Canterbury's
16 criminal history indicates that his age is not a relevant factor in determining whether he is a
17 danger to the public because most of his criminal behavior started in Canterbury's mid-forties
18 and continued through his sixties. The Court finds that Canterbury cannot show that he is no
19 longer a danger to the community.

20     Canterbury requests that he be released to a halfway house until he can establish his
21 Social Security benefits and find a place to live. However, Canterbury escaped from a halfway
22 house prior to committing the instant offense. Canterbury was only in the halfway house because
23 he had violated the conditions of his supervised release. Canterbury's history of violating
24 supervised release conditions to commit crimes is evidence that he remains a danger to the
25 public. Additionally, the Court is unpersuaded by Canterbury's assertion that the availability of
26 Social Security benefits will prevent him from committing crimes. Social Security benefits for
27 someone born between 1943 and 1954, as Canterbury was, would have been available at 66
28 years old. RETIREMENT BENEFITS, https://www.ssa.gov/benefits/retirement/planner/

agereduction.html (last visited Feb. 2, 2021). Canterbury was older than 66 when he robbed the bank, and nothing in the record indicates that Social Security benefits were unavailable to him at that time. Because Canterbury cannot show that he is no longer a danger to the public, his motion must be denied.

Additionally, the BOP has made great strides in its efforts to protect inmates from COVID-19. In addition to the policy changes that reduce congregations and screen all new intakes for COVID-19, the BOP is now offering vaccinations to staff and inmates. The BOP "leads all jurisdictions and Federal entities in its rate of vaccination utilization." COVID-19 VACCINATION EFFORTS COMMENDED, https://www.bop.gov/resources/news/20210116_covid_vaccine_efforts_commended.jsp (last visited Feb. 2, 2021). Victorville Medium I FCI has begun vaccinations and some inmates having already received both doses of the vaccine. COVID-19 CORONAVIRUS, https://www.bop.gov/coronavirus/ (last visited Feb. 2, 2021). Canterbury falls into BOP priority level 2 and is likely in line for a vaccination. BUREAU OF PRISONS, COVID-19 VACCINE GUIDANCE 6 (2021) https://www.bop.gov/resources/pdfs/2021_covid19_vaccine.pdf. Therefore, Canterbury's motion is denied.

### IV.    Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (#178) is **DENIED**.

Dated this 3rd day of February, 2021.

                                                  Kent J. Dawson
                                                  United States District Judge